E-FILED
Monday, 30 April, 2007   04:27:54 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| NATHANDRE CAMPBELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 06-1293 |
| ) | |
| KEN BARTLEY[1], Warden, ) | |
| Pickneyville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Nathandre Campbell's ("Campbell") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Campbell's Petition for Writ of Habeas Corpus [#5] is DENIED and Respondent's Motion to Dismiss [#12] is GRANTED.

## BACKGROUND

Petitioner Campbell was convicted in the Circuit Court of McLean County, Illinois, of two counts of armed violence, home invasion, armed robbery, and residential burglary. He was sentenced to 30 years of imprisonment. Campbell appealed his conviction, and on July 31, 2001, the Illinois Appellate Court affirmed. On August 29, 2001, Campbell filed a petition for leave to appeal to the Illinois Supreme Court. On October 6, 2004, the Illinois Supreme Court rejected Campbell's petition for leave to appeal.

---

[1] The original named respondent in this action was Kenneth Briley. Ken Bartley is actually the Warden of Pickneyville Correctional Center, where Petitioner is currently confined, and therefore Bartley is properly substituted as the respondent under Rule 2(a) of the Rules Governing Section 2254 Cases un the United States District Court.

On January 17, 2001, Campbell filed a pro se post-conviction petition, which the trial court dismissed as frivolous and patently without merit in February 2001. On July 31, 2003, the Illinois Appellate Court affirmed that denial of Campbell's post-conviction petition, and Campbell declined to seek a petition for leave to appeal to the Illinois Supreme Court.

On May 22, 2006, Campbell filed a Petition for Relief from Judgment pursuant to 735 ILCS 5/2-1401, claiming that the trial court violated his due process rights when it made no reference to mandatory supervised release at his sentencing hearing. On June 20, 2006, the trial court dismissed the petition, and Campbell did not appeal.

On November 15, 2006, Campbell filed with this Court a Motion for Leave to Proceed in forma pauperis and a "Motion for Leave to File Late Petition for Writ of Habeas Corpus," in which he asked the Court to consider his Petition, despite its noncompliance with the one-year statute of limitations under Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"). Campbell claimed that he had been "impeded and stymied from applying" the Act because the Illinois Department of Corrections had repeatedly transferred him among facilities and deprived him of access to his legal file.

In order to resolve the two motions, the Court ordered Campbell to file a supplemental pleading that provided details regarding the dates of transfers between correctional facilities and the specific legal documents to which he was deprived access. Campbell timely filed such a supplemental pleading. The Court denied Campbell's Motion to Proceed in forma pauperis, and Campbell submitted the required filing fee. The Court granted Campbell's Motion for Leave to File without ruling on the issue of timeliness, directed the clerk to file Campbell's Petition for Writ of Habeas Corpus, and instructed the Government to respond. Respondent moved to dismiss the

Petition on February 1, 2007, and Campbell has filed a timely Response to that Motion. This Order follows.

## DISCUSSION

Campbell argues that he is entitled to a writ of habeas corpus because (1) the trial court failed to employ the *People v. Montgomery*, 47 Ill.2d 510 (1971), balancing to assess the admissibility of his prior convictions; (2) the trial court improperly allowed evidence of his prior convictions to be used for impeachment purposes based on the "mere fact" method; and (3) he was not found guilty beyond a reasonable doubt. In response to Campbell's Petition, the Respondent filed a Motion to Dismiss the Petition claiming that the Petition is time barred under the AEDPA.

The AEDPA imposes statutory time limits, which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> (d)(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or

other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

As an initial matter, this Court must determine when Campbell's conviction became final on direct appeal. While Campbell did not file a petition for writ of certiorari to the United States Supreme Court after his petition for leave to appeal to the Illinois Supreme Court on direct review was denied, he is entitled to add the 90-day period during which he could have done so to the limitations period. *Anderson v. Litscher*, 281 F.3d 72, 674-75 (7th Cir. 2002). The petition for leave to appeal to the Illinois Supreme Court was denied on October 6, 2005. Ninety days later is January 5, 2005. Thus, the AEDPA one-year statute of limitations clock began to run on January 5, 2005.

As mentioned above, under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for post-conviction relief in state court. In this case, Campbell filed a post-conviction petition on January 17, 2001, and therefore no time elapsed between the conclusion of his direct appeal and the initiation of post-conviction proceedings. The Illinois Appellate Court affirmed the denial of the post-conviction petition on July 31, 2003. Campbell then had 21 days in which to file a petition for leave to appeal to the Illinois Supreme Court or an affidavit of intent to file a petition, which would have entitled him to 14 additional days to file the petition for leave to appeal. Campbell did not do either of these things. However, none of the post-conviction proceedings affect the one-year AEDPA limitations period in this case, as the post-conviction proceedings were entirely concluded well before Campbell's case became final on direct appeal on January 5, 2005. Accordingly, it would appear that the AEDPA limitations period expired on January 5, 2006.

Campbell does not dispute that his Petition was technically filed late. Instead, he argues that

the limitations period in his case should be equitably tolled because he was repeatedly transferred among various correctional facilities during his period of confinement. At each facility, he alleges that he was placed in segregation or on "lock down," and was denied access to his "legal box" for much of this time and was not allowed to visit the prison law libraries. Campbell also states that after one of his transfers, it was 90 days before his personal items, including his legal box, were transported from the previous facility to the current facility. Petitioner alleges that it was not until just recently that he was introduced to a "jailhouse lawyer" who was able to help him with his petition.

Equitable tolling of the AEDPA limitations period is "proper when extraordinary circumstances outside the petitioner's control prevent timely filing of the habeas petition" *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004), and "is rarely granted." *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). In determining whether such extraordinary circumstances might exist in this case, the Court's consideration is limited to only those events or deprivations that Campbell alleges to have occurred after the limitations clock began to tick. Here, while Campbell alleges many transfers and periods of time during were he was denied access to his legal materials or the law library, there is only one relevant allegation, that is, only one alleged deprivation which occurred after January 5, 2005. Campbell writes,

> [In] May 2005 petitioner was trnsfered to the Pinckneyville Correctional where he was again confined to punitive segregation for an additinal 4 months with out any access to his legal material or any adequate legal advise to assistance in filing this Petition.

Pet.'s Supp. Mtn for Leave to Late Habeas Corpus Petition, at 3.

Under Seventh Circuit precedent, it is highly unlikely that Campbell would be entitled to equitable tolling under these circumstances. *See Jones*, 449 F.3d at 788-89 (finding no circumstances

to justify equitable tolling where petitioner alleged he was placed in solitary confinement for 60 days without access to law library); *Johnson v. Daley*, 339 F.3d 582, 590 (7th Cir. 2003) (On collateral attack, "a prisoner is entitled to no legal assistance at all."). However, even if the 120 days Campbell did spend in segregation during the limitations period could be deemed "excluded time" for purposes of the one-year statute of limitations, Campbell's Petition would still be untimely. If the Court were to toll the expiration limitations period for four months, or to approximately May 5, 2006, Campbell's Petition for Writ of Habeas Corpus filed in this Court on November 15, 2006, would still be untimely, and his Petition for Relief from Judgment filed in state court on May 22, 2006, could have no possible effect on the limitations period. Therefore, under the AEDPA, the Court is unable to entertain Campbell's § 2254 Petition, and it must be dismissed.

## CONCLUSION

For the reasons set forth above, Campbell's Petition for Writ of Habeas Corpus [#5] is DENIED and Respondent's Motion to Dismiss [#12] is GRANTED. This matter is now terminated.

ENTERED this 30th day of April, 2007.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge